MALLISON v SCRIBNER

Docket No. 253668. Submitted August 2, 2005, at Lansing. Decided August 11, 2005. Approved for publication November 17, 2005, at 9:00 a.m. Leave to appeal sought.

Julie A. Mallison brought a negligence action in the Gogebic Circuit Court against Randy Scribner and Dorothie R. Lack. The plaintiff had been injured while she was Lack's passenger in an automobile owned by Scribner. At the time of the accident, the plaintiff and Lack had blood alcohol levels above the legal limit. The defendants asserted the affirmative defense of the plaintiff's impairment, MCL 600.2955a(1). The court, Roy Gotham, J., denied the plaintiff's motion for partial summary disposition on the affirmative defense and granted summary disposition to the defendants. The plaintiff appealed.

The Court of Appeals *held*:

The trial court properly granted summary disposition for the defendants. MCL 600.2955a(1) provides that a plaintiff is absolutely barred from recovery if the plaintiff had an impaired ability to function due to the influence of intoxicating liquor and, as a result of that impaired ability, was 50 percent or more the cause of the accident or event giving rise to the plaintiff's injuries. If a plaintiff chooses to drink and become intoxicated, and chooses to ride with an intoxicated driver, the plaintiff is 50 percent or more the cause of any accident that occurs, and the defendant is entitled to the absolute defense provided by the statute. The plaintiff in this case voluntarily became intoxicated, had a blood alcohol level above the level at which there is a presumption of an impaired ability to function, voluntarily chose to ride with Lack when she knew that Lack had been drinking, and voluntarily chose to participate in the "four-wheeling" activity that resulted in the automobile accident. There was no genuine issue of material fact regarding whether the plaintiff was 50 percent or more the cause of the accident that give rise to her injuries.

Affirmed.

NEGLIGENCE — AFFIRMATIVE DEFENSES — INTOXICATION BY PLAINTIFFS.

An individual is absolutely barred from recovery in an action if the individual had an impaired ability to function due to the influence

of intoxicating liquor and, as a result of that impaired ability, was 50 percent or more the cause of the accident or event giving rise to the individual's injury; if an individual chooses to drink and become intoxicated, and chooses to ride with an intoxicated driver, that individual is 50 percent or more the cause of any accident that occurs, and any defendant in a negligence action brought by the individual relating to the individual's injury would be entitled to the absolute defense (MCL 600.2955a[1]).

*Superior Law, PLLC* (by *Marvin E. Marks* and *Anne M. Katte*), for the plaintiff.

*Dean & Pope, P.C.* (by *Timothy M. Dean*), for the defendants.

Before: WHITBECK, C.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. In this negligence action stemming from an automobile accident, plaintiff Julie A. Mallison appeals by right the circuit court's order granting summary disposition to defendants Randy Scribner and Dorothie Lack under MCR 2.116(I)(2). Mallison had sought partial summary disposition regarding the affirmative defense of impairment. We affirm. We decide this appeal without oral argument under MCR 7.214(E).

I. BASIC FACTS AND PROCEDURAL HISTORY

The basic facts of this case are not in dispute. On November 5, 2000, Mallison and Lack went to a local bar, where they shared a pitcher of 12 beers over approximately 2½ hours. Lack testified that the two women then decided to go see a waterfall. Although both women's vehicles were at the bar, Lack testified that they decided to take the truck Lack had borrowed from her boyfriend, Scribner, because it had four-wheel-

drive capabilities. Lack stated that when they left the bar, neither woman had any physical signs of intoxication.

Lack testified that during the drive to the waterfall, she asked Mallison if she wanted to go "four-wheeling." When Mallison agreed, Lack drove the truck off into the ditch on the right side of the road and then back onto the highway. Lack then asked Mallison if she wanted to do it again. Lack testified that Mallison again agreed but told Lack to put her seatbelt on first, which Lack did. Lack stated that Mallison was already wearing her seatbelt. Lack then drove into the ditch on the left side of the road. According to Lack, as she was driving back onto the highway, she reached down to retrieve a compact disc that had fallen to the floor, and the truck tires apparently hit the edge of the highway. The truck flipped over and came to rest upside down in the ditch. Mallison suffered a broken neck, which required surgery to fuse the bones. Both women were found to have had a blood alcohol level above the legal limit at the time of the accident, with Lack having a blood alcohol level of 0.14 grams per 100 milliliters and Mallison having a level of 0.229 grams per 100 milliliters.

Mallison filed a complaint alleging negligence by Lack and Scribner.[1] Lack and Scribner each filed affirmative defenses of impairment based on MCL 600.2955a(1), which provides that a plaintiff is absolutely barred from recovery if the plaintiff had an impaired ability to function due to the influence of intoxicating liquor and, as a result of that impaired ability, was 50 percent or more the cause of the accident or event giving rise to the plaintiff's injuries.

---

[1] The complaint initially named Scribner's insurance company, State Farm Mutual Automobile Insurance Company, as a defendant, but the trial court later dismissed it by stipulation of the parties.

Mallison moved for partial summary disposition challenging the impairment defense. After hearing arguments, the trial court granted summary disposition to defendants pursuant to MCR 2.116(I)(2). Mallison then moved to set aside the trial court's order of dismissal; however, the trial court denied the motion after concluding that Mallison had not raised any new grounds not previously argued in the motion for partial summary disposition.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

We review de novo a trial court's grant or denial of summary disposition.[2]

### B. MCL 600.2955a(1)

Mallison's sole argument on appeal is that the trial court erred in granting summary disposition to defendants because the trial court erred in finding that Mallison was 50 percent or more the cause of the accident giving rise to her injuries. MCL 600.2955a(1), the statute on which the challenged affirmative defense is based, provides in pertinent part as follows:

> It is an absolute defense in an action for the death of an individual or for injury to a person or property that the individual upon whose death or injury the action is based had an impaired ability to function due to the influence of intoxicating liquor or a controlled substance, and as a result of that impaired ability, the individual was 50% or more the cause of the accident or event that resulted in the death or injury.

---

[2] *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

This Court has held that if a plaintiff chooses to drink and become intoxicated, and chooses to ride with an intoxicated driver, the plaintiff is 50 percent or more the cause of any accident that occurs, and the defendant is entitled to the absolute defense provided by MCL 600.2955a(1).[3]

In the present case, the evidence shows that Mallison voluntarily became intoxicated, had a blood alcohol level of 0.229 grams per 100 milliliters,[4] voluntarily chose to ride with Lack when she knew Lack had been drinking, and voluntarily chose to participate in the "four-wheeling" that resulted in the accident. Accordingly, the trial court properly found that there was no genuine issue of material fact regarding whether Mallison was 50 percent or more the cause of the accident that gave rise to her injuries.[5] As a result, we find that the trial court properly granted summary disposition to defendants pursuant to MCR 2.116(I)(2).

Affirmed.

---

[3] See *Piccalo v Nix* (*On Remand*), 252 Mich App 675, 680; 653 NW2d 447 (2002).

[4] At this level, MCL 257.625a(9)(c) raises a presumption that Mallison was under the influence of intoxicating liquor at the time of the accident. See also MCL 600.2955a(2)(b).

[5] MCL 600.2955a(1).